# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-01439-AWI-LJO-P |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION |
| MAILROOM STAFF, | (Doc.1) |
| Defendants. | |

Plaintiff Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 16, 2006, but has not paid the $350.00 filing fee.  Plaintiff alleges in his complaint that the mailroom staff has refused to pick up mail in violation of the California Code of Regulations and the California Penal Code.

**A.  IN FORMA PAUPERIS STATUS**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

1

1  litigation without the full prepayment of costs and fees. 28 U.S.C. § 1915(a)(2). The Prison Litigation Reform Act ("PLRA"), however, amended Section 1915 to preclude the privilege of proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g). "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes cannot proceed IFP." Id. The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997.)

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." Andrews, 398 F.3d 1t 116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).[1]

The PLRA does not require a prisoner to demonstrate that § 1915(g) does not bar his request to proceed IFP. Andrews, 398 F.3d at 119. In some instances "the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g) the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under §1915(g)." Id. at 1121.

---

[1] The Ninth Circuit has held that Section 1915(g) does not violate a prisoner's right of access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. Rodriguez v. Cook, 169 F.3d 1176, 1179-82 (9th Cir. 1999); see also Andrews, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise of § 1915(g) were applied to preclude those prisoners who filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP."

2

1  **B. APPLICATION OF 28 U.S.C. § 1915(g)**

2  As a preliminary matter, the Court notes that Plaintiff has alleged no facts that
3  demonstrate he is in imminent injury of serious physical injury. See, 28 U.S.C. § 1915(g);
4  Rodriguez v. Cook, 169 F 3d. 1176, 1178 (9th Cir. 1999.)  Plaintiff may not proceed in forma
5  pauperis under Section 1915 if he has, on three prior occasions while incarcerated, had federal
6  civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. See, 28
7  U.S.C. § 1915(g); Andrews, 398 F.3d at 1119-20; Rodriguez, 169 F.3d at 1178.

8  In addition, "a court may take notice of proceedings in other courts, both within and
9  without the federal judicial system, if those proceedings have a direct relation to matters at
10 issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244,
11 248 (9th Cir. 1992).

12 The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver
13 v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to
14 state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California
15 Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a
16 claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional
17 Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

18 Accordingly, because Plaintiff has, while incarcerated, accumulated more than three
19 "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is
20 under imminent danger of serious physical injury, the Court will DISMISS the instant action.

21 Plaintiff may not pay the filing fee after being denied in forma pauperis status to revive
22 his case. "[H]e must pay the fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d
23 1234, 1236 (11th Cir. 2002).  Further, the dismissal of Plaintiff's action does not affect Plaintiff's
24 substantive rights, nor does not block his access to the courts.  Plaintiff may still pursue any
25 claim after three qualifying dismissals but must do so without the assistance of the in forma
26 pauperis procedures.

27 **C. CONCLUSION AND ORDER**

28 Based on the above, the Court finds that Plaintiff has suffered three or more dismissals

3

1 within the meaning of Section 1915(g) of the Prison Litigation Reform Act.  In addition, the
2 Court has examined the Complaint finds that the case presents no facts from which an inference
3 can be drawn that Plaintiff was under any continuing or imminent danger of serious physical
4 injury at the time the action was filed.  28 U.S.C. § 1915(g);  <u>Tierney v. Kupers</u>, 128 F.3d 1310,
5 1311 (9th Cir.1997).  Accordingly, the Court HEREBY ORDERS:

      1.      The action be DISMISSED pursuant to Section 1915(g).

IT IS SO ORDERED.

**Dated:**    **October 24, 2006**                **/s/ Anthony W. Ishii**
0m8i78                                         UNITED STATES DISTRICT JUDGE